UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:26-cr-04-KDB |
| | ) | **BILL OF INFORMATION** |
| v. | ) | Violations: |
| | ) | 18 U.S.C. § 1349 |
| CORDARA MATTOX | ) | 18 U.S.C. § 1028A(a)(1) |
| | | 18 U.S.C. § 2 |

**THE UNITED STATES ATTORNEY CHARGES:**

At the specified times and at all relevant times:

## INTRODUCTION

1.      From no later than November 2024 through at least April 2025, the defendant, CORDARA MATTOX ("MATTOX"), along with others known and unknown to the United States Attorney, engaged in a fraud conspiracy in which the co-conspirators impersonated victims when communicating with financial institutions to obtain debit and credit cards in the names of several victims (the "Identity Theft Victims"). MATTOX and other co-conspirators then used the fraudulently obtained debit and credit cards to conduct unauthorized transactions at various retail stores.   The loss amount associated with the conspiracy exceeded $575,000.

## BACKGROUND

2.      MATTOX was a resident of Charlotte, North Carolina.

3.      The Identity Theft Victims resided in various states throughout the United States.

4.      UMB Bank, Commerce Bank, U.S. Bank, and First Security Bank (collectively, the "Victim Financial Institutions") were financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

## THE CONSPIRACY

5.      MATTOX conspired with others known and unknown to the United States Attorney to operate a fraud scheme to obtain money under the custody and control of various financial institutions through false and fraudulent pretenses and representations. MATTOX and his co-conspirators carried out the conspiracy in the Western District of North Carolina and elsewhere.

6.      As part of the conspiracy, MATTOX and his co-conspirators generally operated as follows:

1

a. MATTOX and his co-conspirators obtained the personal identifying information ("PII") and banking information of the Identity Theft Victims.

b. MATTOX and his co-conspirators called financial institutions and impersonated the Identity Theft Victims to request replacement debit and credit cards, which were subsequently shipped to the Western District of North Carolina.

c. MATTOX and his co-conspirators obtained the Identity Theft Victims' debit and credit cards and used them to conduct unauthorized transactions, including purchasing gift cards, at retail stores in the Western District of North Carolina.

7. For example, on or about December 16, 2024, MATTOX called UMB Bank and impersonated Victim J.P. to request a new debit card, which was subsequently shipped to Charlotte, North Carolina. Between approximately December 19, 2024 and January 16, 2025, MATTOX and at least one other co-conspirator used Victim J.P.'s debit card without authorization to conduct transactions at retail stores in the Western District of North Carolina totaling more than $260,000.

8. For example, on or about April 5, 2025, MATTOX called Commerce Bank and impersonated Victim M.L. to request a new debit card, which was subsequently shipped to Charlotte, North Carolina. Between approximately April 8, 2025 and April 22, 2025, MATTOX and at least one other co-conspirator used Victim M.L.'s debit card without authorization to conduct transactions at retail stores in the Western District of North Carolina totaling more than $11,000.

## COUNT ONE
### (Conspiracy to Commit Financial Institution Fraud – 18 U.S.C. § 1349)

9. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Information, and further alleges that:

10. From no later than November 2024 through at least April 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### CORDARA MATTOX,

did knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit offenses against the United States, to wit, financial institution fraud, in violation of Title 18, United States Code, Section 1344(2).

### Object of the Conspiracy

11. It was the object of the conspiracy that MATTOX, and others known and unknown to the United States Attorney, devised and executed a scheme to obtain moneys owned by, and in the custody or control of the Victim Financial Institutions, whose deposits were insured by the

2

Federal Deposit Insurance Corporation, by means of materially false and fraudulent representations and promises.

## Manner and Means

12. MATTOX and others known and unknown to the United States Attorney, carried out the conspiracy in the manner and means described in paragraphs 5 through 8 of this Bill of Information, among others.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## 18 U.S.C. § 1028A
## (Aggravated Identity Theft)

13. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 4 and 7 of the Bill of Information, and further alleges that:

14. On or about December 16, 2024, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

## CORDARA MATTOX,

aided and abetted by others known and unknown to the United States Attorney, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and PII of Victim J.P., during and in relation to one or more felony violations of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

3

Case 3:26-cr-00004-KDB-DCK    Document 1    Filed 01/12/26    Page 3 of 4

# NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

     a.    All property which constitutes or is derived from proceeds of the violations set forth in Count One of this Bill of Information; and

     b.    If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above:

a.    Approximately $33,646.56 in funds in Navy Federal Credit Union account number ending in *9073.

b.    A forfeiture money judgment in the approximate amount of at least $540,000.00 such amount constituting the proceeds of the violations set forth in this Bill of Information.


RUSS FERGUSON
UNITED STATES ATTORNEY

_____
ERIC A. FRICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

4