| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:26-cr-00004-KDB |
| | ) | |
| v. | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| **CORDARA MATTOX** | ) | |
| | ) | |

COMES NOW the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and respectfully submits this sentencing memorandum.  As fully set forth below, the Government recommends a total sentence of 36 months imprisonment (12 months followed by 24 months consecutive pursuant to 18 U.S.C. § 1028A(a)(1)).  Such a sentence would be sufficient, but not greater than necessary, to fulfill the goals of sentencing.

## I.     PROCEDURAL BACKGROUND

On January 12, 2026, Defendant Cordara Mattox ("MATTOX") was named in a two-count Bill of Information charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count 1) and aggravated identity theft and abetting the same, in violation of 18 U.S.C. §§ 1028A and 2 (Count 2).  (Doc. No. 1).  On February 12, 2026, MATTOX pleaded guilty to Counts 1 and 2 pursuant to a signed plea agreement with the United States.   (Doc. No. 2).

## II.    FACTUAL BACKGROUND

From no later than November 2024 through at least April 2025, the defendant, MATTOX, Jacob Lawson ("Lawson")[1], and others engaged in a fraud conspiracy in which the co-conspirators

---

1 On April 23, 2026, the United States filed a one-count Bill of Information charging co-conspirator Lawson with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  3:26-cr-00090-KDB.  On May 15, 2026, Lawson pleaded guilty pursuant to a written plea agreement.

1

impersonated victims when communicating with financial institutions in order to obtain debit and credit cards in the names of victims. MATTOX and other co-conspirators then used the fraudulently obtained debit and credit cards to conduct unauthorized transactions at various retail stores. The loss amount associated with the conspiracy exceeded $575,000. Examples of MATTOX's fraud scheme are identified below:

<u>Victim J.P.</u>

On or about December 16, 2024, MATTOX called UMB Bank impersonating Victim J.P., an elderly woman residing in Kansas, and using her personal identifying information ("PII") to request a new debit card. MATTOX coordinated for the debit card to be shipped to a vacant home in Charlotte, North Carolina. From approximately December 19, 2024 to approximately January 16, 2025, MATTOX and Lawson used the debit card fraudulently obtained in victim J.P.'s name without her consent at numerous retailers in and around Charlotte, North Carolina to primarily purchase gift cards and personal items, accruing a loss amount of approximately $260,448.93.



<u>Victim M.L.</u>

On or about April 5, 2025, MATTOX called Commerce Bank impersonating victim M.L., an elderly woman residing in Missouri, and using her PII to request a replacement debit card.

2

MATTOX requested that the debit card be shipped to his residence in Charlotte, North Carolina. On or about April 22, 2025, MATTOX again called Commerce Bank to inquire about the account balance. Between April 8, 2025 and April 21, 2025, over $10,000 was spent on victim M.L.'s debit card at various stores in Charlotte, North Carolina.



In furtherance of the conspiracy, MATTOX communicated with Lawson through Telegram regarding which victims to target, the coordination of the pick-up of debit/credit cards, the locations to use the cards, and the disbursement of proceeds, as seen below:

> From: 848429213 Cord Matto (owner)
> Staples,Publix,cvs,Walgreens,GameStop,Office Depot,targets and bed bath beyond are all the places you can get gift cards from ,Harris teeter also

> From: 848429213 Cord Matto (owner)
> It should be back working  and from now on insert the card I think we need to stay in between 6-700$day

> From: 848429213 Cord Matto (owner)
> Good morning I got you 9k

MATTOX touted his successes at obtaining debit cards containing significant funds, as seen below:

> From: 848429213 Cord Matto (owner)
> Can you believe I just got a mother fucking debit card for 200k just shipp out now

## III.   ADVISORY GUIDELINES

3

As set forth in the Presentence Report, the base offense level is seven, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2X1.1(a)(1) and 2B1.1(a)(1). Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), as the loss was more than $550,000 but less than $1,500,000, the offense level is increased by fourteen levels. Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), as the offense involved more than ten victims, the offense level is increased by two levels. After the reductions pursuant to U.S.S.G. §§ 3E1.1(a), (b), and 4C1.1(a) the resulting offense level would be 18. The defendant's criminal history category is I, which would result in an advisory sentencing guideline range of 27 to 33 months imprisonment, with a consecutive term of 24 months imprisonment pursuant to 18 U.S.C. § 1028A(a)(1). (PSR ¶¶ 24-34, 67).

## IV.   LEGAL FRAMEWORK

In determining the appropriate sentence, "a district court must begin by correctly calculating the applicable Guidelines range." *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008). The advisory Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice. . . [I]t is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). "[A] Guidelines sentence will usually be reasonable, because it reflects both the Commission's and the sentencing court's judgment as to what is an appropriate sentence for a given offender." *Id*. at 351. Ultimately, however, the appropriate sentence is for the District Court to determine based on the factors enumerated in 18 U.S.C. § 3553(a), and "any sentence, within or outside of the Guidelines range, as a result of a departure or of a variance, must be reviewed by appellate courts for reasonableness

pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011).

## V.      THE § 3553(a) FACTORS

### A.      Nature and Circumstances of the Offense

The nature and circumstances of the offense are egregious.   MATTOX procured victims' PII, utilized said PII to deceive banks into issuing him victims' debit or credit cards, and then drained the victims' funds before the victims or banks could detect the fraud.   MATTOX's crimes were not an aberration, nor a one-time lapse in judgment.   Rather, they constituted a pervasive, systematic, and well-thought-out course of conduct.

Further, the effect of this fraud scheme on the victim businesses cannot be understated. The victims in this case not only suffered pecuniary losses, but their identities were compromised. The collateral consequences of identity theft often impact victims' credit and require dealings with financial institutions that can last for years and cause serious harm and stress. *See United States v. Lawson*, 128 F.4th 243, 245 (4th Cir. 2025) ("As a species of 'nonviolent' crime, fraud is sometimes thought less serious than a violent offense. But this overlooks the pain of misbegotten trust in others that fraud has the unique capacity to inflict.").   One victim reported feeling "vulnerable and exposed" and that the incident has "shaken me to my core."

### B.      History and Characteristics of the Defendant

MATTOX is a zero-point offender. His crimes appear to have been motivated by greed, because while he is capable and intelligent, he chose to use his skills and intelligence to steal from and exploit others rather than using them to make an honest living. (PSR ¶ 61) (reflecting that MATTOX earned a total of $1,009 in wages from 2020 through 2025).

### C.      Adequate Deterrence and Protection of the Public

A significant sentence will serve to deter MATTOX, protect the public from future crimes, and promote respect for the law. MATTOX's conduct violates individuals' fundamental expectations of safety and confidence in financial institutions. The Eleventh Circuit has noted, "[b]ecause economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (internal quotation omitted). "Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment." *Id.* at 1227. The Fourth Circuit has explicitly recognized the importance of incarceration for defendants convicted of white-collar crimes such as tax evasion, theft, fraud and embezzlement. *See United States v. Engle*, 592 F.3d 495, 501 (4th Cir. 2010). A significant sentence in this case would serve as general deterrence to others from committing similar fraud/identity theft schemes.

## VI. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a total sentence of 36 months imprisonment (12 months followed by 24 months consecutive pursuant to 18 U.S.C. § 1028A(a)(1)).

Respectfully submitted this the 10th day of June, 2026 by:

RUSS FERGUSON
UNITED STATES ATTORNEY

*/s/ Eric A. Frick*
Special Assistant United States Attorney
United States Attorney's Office
N.C. Bar #49212
227 West Trade Street, Suite 1650
Charlotte, N.C. 28202
Telephone: (704) 338-6222
E-mail: Eric.frick@usdoj.gov

6

**CERTFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this the 10th day of June, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY


*/s/ Eric A. Frick*
Eric A. Frick
Special Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
227 West Trade Street Suite 1700
Charlotte, North Carolina 28202
Telephone: 704.344.6222
E-mail: eric.frick@usdoj.gov

7